UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JESSICA MONIQUE ROWELL,

    Plaintiff,

v.

MINNESOTA STATE GOVERNMENT, and UNITED STATES FEDERAL GOVERNMENT,

    Defendants.

Civil No. 12-2958 (JRT/TNL)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied and this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. BACKGROUND**

Plaintiff is attempting to sue the "Minnesota State Government," and the "United States Federal Government." The substantive allegations of the complaint are presented in a separate one-page document that is captioned "TO WHOM IT MAY CONCERN." Most of those allegations are bizarre and delusional. Plaintiff's complaint refers to "live interruptions in the live broadcasting stations," a dentist who "placed a device in tooth # 15" in 2008, a second "device" that was placed in Plaintiff's back in 2009, and other purely chimerical matters.

None of the allegations in the complaint shed any light on the basis Plaintiff is attempting to sue the State of Minnesota and the United States. Nevertheless, Plaintiff is seeking a judgment against these two named Defendants that would "vacate criminal investigations" and award her $200,000,000.00 in damages.

**II. DISCUSSION**

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

A pleading is legally frivolous, and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant if the facts alleged in the applicant's pleading are merely "unlikely." Denton, 504 U.S. at 33. An IFP action, however, can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, it is apparent that Plaintiff's complaint "rise[s] to the level of the irrational" and is therefore legally frivolous. Viewing the complaint in its entirety, it is clear that Plaintiff's current lawsuit is grounded wholly on delusions. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i).[1]

---

[1] It also bears repeating that there are no allegations suggesting that the named Defendants (i.e., the State of Minnesota and the United States), were involved in any of the

2

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated: November   30  , 2012

                                                 *s/ Tony N. Leung*
                                                 TONY N. LEUNG
                                                 United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **December 17, 2012**.

---

matters described in the complaint. Furthermore, the State of Minnesota is immune from suit in federal court under the Eleventh Amendment, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), and the United States is immune from suit under the doctrine of sovereign immunity, (Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991)). For these additional reasons, Plaintiff's lawsuit must be summarily dismissed.